UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | * |
| | * |
| | * |
| Trikeenan Tileworks | * |
| Inc. | *   Chapter 11 |
| | *   Case No. 10-13725-JMD |
|     Debtor | * |
| | * |

**CREDITOR'S OBJECTION TO DEBTOR'S MOTION
FOR AUTHORITY TO USE CASH COLLATERAL**

NOW COMES TD Bank, by and through its counsel, and respectfully objects to the Debtor's motion for authority to use cash collateral, and in support thereof states as follows:

1. On August 30, 2010, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Hampshire.

2. TD Bank is the only creditor with an interest in the cash collateral of the Debtor. The Debtor owes TD Bank $137,240 arising from a line of credit loan, secured by cash collateral, and approximately $80,055 arising from an equipment loan.

3. According to the Debtor's motion, as of the date of the petition, Debtor held $132,498 in cash collateral, plus about $217.00 held by Trikeenan Tileworks of NY, and $95,380 in outstanding accounts receivable. Furthermore, the New Hampshire facility held inventory valued at approximately $122,536, and the New York facility held inventory valued at $306,053.

4. Debtor projected that it would need at least $177,858.32 over a thirty-day period to meet operating expenses and preserve the value of the Debtor's operation.

5. TD Bank respectfully submits that the Debtors cannot use its cash collateral because they have no means to adequately protect TD Bank's interest in the property. As such, the Debtor's motion for authority to use cash collateral should be denied as to avoid the further dissipation of cash collateral.

6. Under Section 363(e) of the Bankruptcy Code, a debtor can use cash collateral over the objection of a secured party only if it can provide "adequate protection" of the secured creditor's interest in the collateral. See 11 U.S.C. §363(e). "Adequate Protection" is intended to safeguard the secured creditor's right to have the value of its secured claim, as it existed on the petition date, secured. See United States Sav. Ass'n v. Timber of Inwood Forest Assocs., 484 U.S. 365, 370 (1988). If adequate protection cannot be provided, use of the collateral must be denied.

7. The Bankruptcy Code does not expressly define "adequate protection," but section 361 states that it may be provided by (a) periodic cash payments, (b) additional or replacement liens, or (c) other relief resulting in the "indubitable equivalent" of the secured creditor's interest in such property. See 11 U.S.C. §361. The Debtor has the burden of proving the issue of adequate protection. See 11 U.S.C. §363(p).

8. Thus, in order for the Debtor to use cash collateral over the secured creditor's objection, the Debtor must meet its burden of proving that the secured creditor's interest in the cash collateral is adequately protected.

9. To provide adequate protection to the secured party, the Debtor has proposed granting TD Bank a continuing replacement lien on post-petition cash collateral to the same extent and in the same priority as existed on August 30, 2010, plus reasonable financial reporting. The Debtor argues that without the use of the cash collateral, business operations would cease,

and the value of accounts receivable and of other non-cash collateral would decline rapidly. Further, the Debtor argues that it would be unable to pay necessary utilities, maintenance, insurance and payroll expenses, and would be unable to satisfy the overhead expense necessary to continue business operations.

10. The Debtor's proposed method of providing adequate protection to TD Bank, the secured creditor, is insufficient, since it will undoubtedly cause the value of the cash collateral to decline. Furthermore, the Debtor's projections contained in the Affidavit of Kristin Powers assume that $92,299 out of $95,380 of outstanding accounts receivable will be collected during this period. These projections are hugely optimistic, as they anticipate collection of almost 97% of the outstanding accounts receivable. In sum, TD Banks secured interest in the cash collateral could be severely diminished by allowing the Debtor to use said cash collateral for operating expenses, and there are no assurances that any cash collateral will exist beyond the Debtor's use.

WHEREFORE, TD Bank respectfully requests:

    A.    That this Court deny the Debtor's Motion for Authority to Use Cash Collateral; and

    B.    Order any other relief this Court deems fair and just.

                                        Respectfully Submitted,
                                        TD Bank
                                        By its Attorneys,

                                        /s/ Peter G. Shaheen
                                        Peter G. Shaheen, Esquire NHBA 2305
                                        Shaheen Guerrera & O'Leary, LLC
                                        820A Turnpike Street
                                        North Andover, MA  01845
                                        (978) 689-0800


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically and served via ECF on the following parties:

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Jennifer Rood on behalf of Debtor Trikeenan Tileworks, Inc.
jrood@bernsteinshur.com, mamurphy@bersteinshur.com


Date: September 14, 2010                         By: /s/ Peter G. Shaheen
                                                                                        Peter G. Shaheen