UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---

| | |
|---|---|
| | Chapter 11 |
| Trikeenan Tileworks Inc., | Bk. No. 10-13725-JMD |
| Trikeenan Holdings, Inc., and | Bk. No. 10-13726-JMD |
| Trikeenan Tileworks Inc. of New York, | BK No. 10-13727-JMD |
| | Jointly Administered |
| Debtor. | Hearing: 9/21/10 at 10:30 a.m. |

---

**OPPOSITION OF NEW YORK BUSINESS DEVELOPMENT CORPORATION TO DEBTOR'S MOTION FOR FURTHER USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363 (a)**

New York Business Development Corporation respectfully opposes the Debtor's motion for Further Use of Cash Collateral Pursuant to 11 U.S.C. 363 (a) as follows:

**Parties**

1. Debtors Trikeenan Tileworks Inc. ("Debtor"), Trikeenan Tileworks Inc. of New York ("Trikeenan New York") and Trikeenan Holdings Inc. ("Holdings") filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court on August 30, 2010.

2. As of the date of this opposition, no trustee or examiner has been appointed.

3. New York Business Development Corporation ("NYBDC") is a New York corporation with its principal office located at 50 Beaver Street, Albany, New York 12207.

4. NYBDC opposes the Debtor's motion because it does not recognize NYBDC's interests in cash collateral and does not offer adequate protection.

## NYBDC's Secured Claim

5. On or about February 8, 2006, for good and valuable consideration, Trikeenan New York delivered to NYBDC its Mortgage Note in the original principal amount of $825,000.00 (the "Note"). **Exhibit "A."**

6. Interest accrues on the unpaid principal balance at a variable rate which is 1% above the prime rate as published in the Wall Street Journal.

7. NYBDC is entitled to charge a late fee on that portion of a monthly Note payment that is more than ten days late.

8. The late charge is 5% of the unpaid portion of any regularly scheduled payment.

9. Trikeenan New York defaulted in payment of the Note by failing to make the principal and interest payments which were due thereunder on March 1, 2010 and each month thereafter.

10. As of August 30, 2010, the following amounts are due under the Note: principal of $760,702.52, interest of $21,014.41 and late fees of $9,073.66.

11. For each day after August 30, 2010, interest accrues at the rate set forth in the Note at a total per diem of $89.81, which per diem excludes any default rate interest that may be applicable.

12. In order to induce NYBDC to accept the Note from Borrower and for other good and valuable consideration, Guarantors Trikeenan Tileworks, Inc., Kristin B. Powers and Stephen J. Powers delivered their Unconditional Guarantees pursuant to which they guaranteed payment to NYBDC of all amounts due under the Note. Holdings delivered its Unconditional Guaranty dated March 31, 2008. **Exhibit "B."**

13. Guarantors have breached their obligations under the Unconditional Guarantees by failing to pay amounts due under the Note.

14. On or about February 8, 2006, in order to induce NYBDC to accept the Note from Trikeenan New York and for other good and valuable consideration, it delivered to NYBDC a Loan and Security Agreement pursuant to which it granted to NYBDC a duly perfected security interest in its personal property and collateral as more particularly set forth therein (the "Collateral"). **Exhibit "C."**

15. NYBDC properly perfected its security interest in the assets of Trikeenan New York by the filing of UCC-1 financing statements in the Office of the New York Secretary of State. **Exhibit "D."** The interest is a first priority security interest. **Exhibit "E."**

16. NYBDC's security interest includes cash collateral in the nature of accounts and inventory.

17. By letter dated September 1, 2010, NYBDC invited Debtor's adequate protection proposal and notified Debtor that it did not consent to the use of cash collateral. **Exhibit "F."**

18. By Debtor's own motion for permission to use creditor TD Bank's alleged cash collateral, it demonstrated that, aside from any dispute as to lien priorities between secured creditors, the Debtors hold cash collateral in amounts substantially more than TD Bank's interest such that NYBDC has a significant interest in cash collateral held by Trikeenan Holdings.

19. Debtor's Emergency Application to Use Cash Collateral showing total cash collateral of approximately $656,684 against $217,295 owed to TD Bank, including $306,053 in inventory in the New York facility and $95,380 in accounts receivable that are not tied to either location. **Exhibit "G" ¶ 5.**

20. Interestingly, in its Application for Continued Authority to Use Cash Collateral the New York inventory has disappeared. **Exhibit "H" ¶ 5.**

21. Also prior financial statements provided by Debtors to NYBDC and dated August 3, 2010 for the period ending June 30, 2010, show that the New York Debtor had accounts receivable of $85,699.14 and inventory of $277,299.42. **Exhibit "I."**

22. All of this comports with the fact that, upon information and belief, the New York operation is, by significant measure, the more

productive and active of the Debtors' locations and is currently active with employees and business activity. It also has the much newer and more productive equipment financed by NYBDC's lending. As such, Debtor's efforts to convey the impression that its activities are concentrated in New Hampshire is simply inaccurate.

23. Based on the Debtor's prior representations to this Court as to the value of the New York inventory, its vagueness as to which debtor entity has generated accounts receivable and its prepetition financial statements there can be no dispute that NYBDC has a significant interest in cash collateral and likely a first priority security interest in such collateral associated with Trikeenan New York.

24. Given Debtor's failure to offer adequate protection, NYBDC's lack of consent and the absence of an order of this Court, and the likelihood that Debtor will be using NYBDC's cash collateral in its operations, NYBDC is entitled to an order of this Court prohibiting such use or conditioning such use upon adequate protection including, but not limited to, interest payments, roll over and replacement liens and adequate and regular financial reporting.

WHEREFORE it is respectfully requested that the Court deny Debtor's motion or, in the alternative, condition it upon appropriate adequate protection and grant such other and further relief as may be just, necessary and proper.

Respectfully submitted,

**New York Business Development Corporation**

By its Attorneys,

**Devine, Millimet & Branch, Professional Association**

September 14, 2010

/s/ Matthew R. Johnson
Matthew R. Johnson, Esq. (BNH 06227)
Brian R. Moushegian, Esq. (BNH 06913)
Devine, Millimet & Branch, P.A.
Attorneys for Creditor
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
mjohnson@devinemillimet.com

J:\WDOX\DOCS\CLIENTS\008001\000204\M1686688.DOC