UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

------------------------------------------------------------

Trikeenan Tileworks Inc.,
Trikeenan Holdings, Inc., and
Trikeenan Tileworks Inc. of New York,

Debtor.

------------------------------------------------------------

Chapter 11

Bk. No. 10-13725-JMD
Bk. No. 10-13726-JMD
BK No. 10-13727-JMD

Jointly Administered

Hearing: 9/21/10 at 10:30 a.m.

**OPPOSITION OF STEUBEN TRUST COMPANY TO DEBTOR'S MOTION FOR FURTHER USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C SECTION 363 (a)**

Steuben Trust Company ("STC") respectfully opposes the Debtor's motion for further use of cash collateral pursuant to 11 U.S.C. Section 363 (a) as follows:

**PARTIES**

1. Debtors Trikeenan Tileworks, Inc. ("Debtor"), Trikeenan Tileworks, Inc. of New York ("Trikeenan New York") and Trikeenan Holdings, Inc. ("Holdings") filed their voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in this Court on August 30, 2010.

2. As of the date of this opposition, no Trustee or examiner has been appointed.

3. STC is a banking corporation organized under the laws of the State of New York with its chief executive office at 1 Steuben Square, Hornell, New York 14843.

4. STC is the holder of a first position mortgage lien on Trikeenan New York's leased manufacturing facility located in Hornell New York. On that mortgage loan, STC is owed well in excess of $1,000,000.00.

5. To gain certain real property tax advantages, the facility is leased to Trikeenan New York by the City of Hornell Industrial Development Agency which is the mortgagor on the mortgage loan on which Trikeenan New York is the borrower.

6. Pre-petition, STC commenced a state court foreclosure action based on serious non payment defaults on the mortgage loan.

7. STC will, in a separate motion, be seeking relief from the automatic stay from this Court in order to continue its foreclosure action or, in the alternative, to gain adequate protection.

## STC'S INTEREST IN CASH COLLATERAL

8. On or about April 8, 2008, for good and valuable consideration, Trikeenan New York, delivered its promissory note to STC in the original principal amount of $44,950.00 (the "Note"). **Exhibit "A."**

9. Interest accrues on the unpaid principal balance due on the Note at a variable rate based on the published prime rate in the Wall Street Journal, such interest rate to be 1.750% points over the index. After a default, STC is entitled to charge a default rate of interest of 5 percentage points over the variable interest rate as set forth above. Further, STC is entitled to charge a default rate of 5% of each regularly scheduled payment, or $25.00, whichever is greater, for each payment that is overdue.

10. To secure its obligations under the Note, Trikeenan New York delivered its Commercial Security Agreement dated March 29, 2007, pursuant to which it granted STC an interest in certain described collateral including, but not limited to, accounts receivable of Fired Earth (EGA Consumer Products, Limited). The Security Agreement covered then existing and all future debts. Trikeenan New York expressly represented

in a letter agreement dated March 27, 2007 that it was the corporate entity generating the Fired Earth receivable. **Exhibit "B."**

11. STC duly perfected its security interest in the collateral pledged by Trikeenan New York by the filing of a UCC-1 Financing Statement in the Office of the Secretary of State of the State of New York. **Exhibit "C."**

12. New York Business Development Corporation ("NYBDC") has subordinated its prior security interest to STC with respect to the Fired Earth accounts receivable. **Exhibit "D."**

13. With respect to a prior filed UCC by REDC/RRC, upon information and belief, Trikeenan New York's obligations to that creditor have been paid; it is not listed as a creditor in Trikeenan New York's bare bones filing in this case. Thus, STC has a first priority security interest in Fired Earth accounts receivable owed to Trikeenan New York. **Exhibit "E."**

14. Debtor defaulted in the payment of the Note by failing to make any payments under the Note since January 29, 2010.

15. As set forth in certain financial reporting recently provided by Debtors to NYBDC, Fired Earth owes Debtors $11,947.26. **Exhibit "F."**

16. STC, as a participant in obligations owed by Trikeenan New York, and the other Debtors as guarantors, also joins in the opposition of NYBDC to Debtor's motion.

17. Debtor's Emergency Application to Use Cash Collateral showing total cash collateral of approximately $656,684 against $217,295 owed to TD Bank, including $306,053 in inventory in the New York facility and $95,380 in accounts receivable that are not tied to either location. **Exhibit "G" ¶ 5.**

18.     Interestingly, in its Application for Continued Authority to Use Cash Collateral the New York inventory has disappeared.  **Exhibit "H" ¶ 5.**

19.     Also prior financial statements provided by Debtors to NYBDC and dated August 3, 2010 for the period ending June 30, 2010, show that the New York Debtor had accounts receivable of $85,699.14 and inventory of $277,299.42.  **Exhibit "F."**

20.     All of this comports with the fact that, upon information and belief, the New York operation is, by significant measure, the more productive and active of the Debtors' locations and is currently active with employees and business activity.  It also has the much newer and more productive equipment financed by STC and NYBDC's lending.  As such, Debtor's efforts to convey the impression that its activities are concentrated in New Hampshire is simply inaccurate.

21.     Pre-petition, STC notified Fired Earth of its interest in Trikeenan New York's right to payment and STC, in exercise of its Article 9 rights, demanded payment of such receivables.  **Exhibit "I."**

WHEREFORE it is respectfully requested that the Court deny Debtor's motion or, in the alternative, condition it upon appropriate adequate protection to STC and grant such other and further relief as may be just, necessary and proper.

Respectfully submitted,

**Steuben Trust Company,**

By its Attorneys,

**Devine, Millimet & Branch,
Professional Association**

| | |
|---|---|
| September 14, 2010 | /s/ Matthew R. Johnson<br>Matthew R. Johnson, Esq. (BNH 06227)<br>Brian R. Moushegian, Esq. (BNH 06913)<br>Devine, Millimet & Branch, P.A.<br>Attorneys for Creditor<br>111 Amherst Street<br>Manchester, NH 03101<br>(603) 669-1000<br>mjohnson@devinemillimet.com |

J:\WDOX\DOCS\CLIENTS\008001\000204\M1686362.DOC

5