UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re:<br><br>TRIKEENAN TILEWORKS INC.<br><br>            Debtor. | Chapter 11<br>Case No. 10-13725-JMD |
| In Re:<br><br>TRIKEENAN HOLDINGS INC. | Chapter 11<br>Case No. 10-13726-JMD |
| In Re:<br><br>TRIKEENAN TILEWORKS INC.<br> OF NEWYORK<br><br>            Debtor. | Chapter 11<br>Case No. 10-13727-JMD<br><br>Jointly administered 10-13725-JMD |

### DEBTOR'S RESPONSE TO OBJECTION OF TD BANK TO MOTION
### FOR CONTINUED AUTHORITY TO USE CASH COLLATERAL

**NOW COMES Trikeenan Tileworks Inc.,** debtor and debtor-in-possession ("Debtors"), through counsel, and responds to the objections of TD Bank ( the Bank) to the Debtors' Motion for an Order authorizing the continued use of cash collateral for the next sixty (60) days, or through November 30, 2010. In support of this response, Debtor states as follows:

    1.    On August 30, 2010, Debtor filed a Chapter 11 petitions with this Court.

1

Trikeenan Tileworks Inc. of New York and Trikeenan Holdings Inc., Debtor's affilitates, also sought Chapter 11 relief.

2. Pursuant to 28 U.S.C. Sections 157 and 1334, this Court has jurisdiction over this matter, and it is a core proceeding. Venue is proper pursuant to 28 U.S.C. sections 1408 and 1409.

3. By Order dated August 31, 2010, this Court authorized the emergency use of cash collateral through September 25, 2010. By Order dated September 3, 2010, this Court entered an Order directing the joint administration of the above-captioned cases.

4. On September 7, 2010, Debtors filed an application for the continued use of cash collateral through November 30, 2010. TD Bank filed an objection on September 14, 2010. Despite its existing post-petition replacement lien, the Bank expressed uncertainty about the degree to which its interests were protected.

5. Debtor manufactures and sells tiles for use in building and interior design. The New Hampshire operation has focused on artisan and specialty tiles while the New York operation has historically manufactured higher volume, more industrial grade tile known as "field tile."

6. In addition to its manufacturing, the New Hampshire debtor handles all the marketing and sales, collects all accounts receivable and pays most expenses for both Trikeenan NH and Trikeenan NY. Other than local payroll and petty cash, all operating expenses for the New York operation are paid by the Debtor.

7. TD Bank was the only creditor with an interest in New Hampshire cash

collateral. The New York creditors hold an interest in cash and inventory at Trikeenan NY. On the Petition Date, cash collateral in New Hampshire consisted of approximately $132,000 in cash, $95,000 in Accounts Receivable and $ 122,536 in inventory. As of September 20, 2010, Trikeenan NH holds $123,379.91 in cash, $193,455 in Accounts Receivable, of which only $1700 is over 90 days old, and $115,302 in inventory. There has been no erosion in cash collateral levels to date, and none is anticipated.

8. Without the use of cash collateral, Debtor s will be unable to satisfy necessary insurance, utility, payroll, adequate protection, tax and other necessary operating expenses and will be unable to preserve the value of the Debtors' operations. The Debtors' factories would go dark. To provide adequate protection of the security interest of TD Bank and the New York creditors in cash collateral and to protect the interest of other creditors, Debtor needs to use the above-described cash collateral. Debtor has requested authorization to use up to $408,858.86 in cash collateral from operations from September 26, 2010 through November 30, 2010. Projected income exceeds projected expenses.

9. As adequate protection, Debtor proposes to give TD Bank a continuing replacement lien in cash collateral arising post-petition to the same extent and in the same priority as such lien existed on August 30, 2010. Debtor will also provide reasonable financial reporting, including monthly balance sheet information setting forth cash collateral levels.

10. The above lien will be granted by the Debtor without prejudice to the future rights of the Debtor, creditors and any creditors committee or other party in interest

3

to challenge the validity, priority and enforceability of any such lien.  This post-petition lien will also be subject to Debtor's future right to seek debtor-in-possession of financing pursuant to 11 U.S.C. §364.

                Respectfully submitted,

                Trikeenan Tileworks Inc.

                By its Attorneys,

                BERNSTEIN, SHUR, SAWYER & NELSON, P.A.

Date:  20 September 2010      By:  /s/Jennifer Rood
                                            Jennifer Rood   BNH 01395
                                            670 N. Commercial Street, Suite 108
                                            P.O. Box 1120
                                            Manchester, NH 03105-1120
                                            603/623-8700    jrood@bssn.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed and was received by the individuals listed on the service list as receiving service via the "ECF Filing" system.

Via ECF

Ann Marie Dirsa on behalf of U.S. Trustee Office of the U.S. Trustee
ann.marie.dirsa@usdoj.gov

Matthew R. Johnson on behalf of Creditor New York Business Development Corporation
mjohnson@devinemillimet.com, mhanscom@devinemillimet.com

Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov

Jennifer Rood on behalf of Debtor Trikeenan Holdings Inc.
jrood@bernsteinshur.com, mamurphy@bernsteinshur.com

Peter G. Shaheen on behalf of Creditor TD Bank, NA
pshaheen@sgolawoffice.com

UST on behalf of U.S. Trustee Office of the U.S. Trustee
USTPRegion01.MR.ECF@usdoj.gov, Geraldine.L.Karonis@usdoj.gov

Date: 20 September 2010        By: /s/Jennifer Rood
                                                   Jennifer Rood