UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In Re: | Chapter 11 |
| --- | --- |
| | Bk. No. 10-13725-JMD |
| Trikeenan Tileworks Inc., | Bk. No. 10-13726-JMD |
| Trikeenan Holdings, Inc., and | BK No. 10-13727-JMD |
| Trikeenan Tileworks Inc. of New York, | |
| | Jointly Administered |
| Debtors. | |
| | Hearing Date: Oct. 20, 2010 |
| | Hearing Time: 10:00 AM |

### STEUBEN TRUST COMPANY'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, ADEQUATE PROTECTION

NOW COMES Steuben Trust Company ("STC"), by and through its attorneys, Devine, Millimet & Branch, Professional Association,[1] as and for its motion for relief from the automatic stay pursuant to 11 U.S.C. §362(d) (2) or, in the alternative, adequate protection pursuant to 11 U.S.C. §361, respectfully states as follows:

### PARTIES

1. Debtors Trikeenan Tileworks, Inc., Trikeenan Tileworks, Inc. of New York and Trikeenan Holdings, Inc. filed their voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code in this Court on August 30, 2010. The cases are jointly administered.

2. As of the date of this Motion, no Trustee or Examiner has been appointed and Debtors are debtors in possession.

---

[1] Paul Levine, an attorney with the law firm of Lemery Greisler LLC located in Albany, New York, seeks to serve as lead counsel for creditor STC in the above-captioned matter, with Devine, Millimet serving as local counsel. The undersigned counsel will be filing a motion for admission *pro hac vice* on behalf of Attorney Levine to practice in this Court in the above captioned matter.

3. Steuben Trust Company is a banking corporation organized under the laws of the State of New York with its chief executive office at 1 Steuben Square, Hornell, New York 14843.

## JURISDICTION

4. The Court has jurisdiction over this case and this motion, which is a core proceeding, pursuant to 28 U.S.C. §§1334 and 157 (b) (2) (B) (G).

## STC'S SECURED CLAIM[2]

5. The City of Hornell Industrial Development Agency (hereinafter "IDA") and Trikeenan Tileworks, Inc. of New York (hereinafter "Trikeenan New York"), as mortgagors, for the purpose of securing the payment to STC, as mortgagee, of the principal sum $1,025,000.00, with interest thereon, on or about the 8th day of February, 2006, for valuable consideration, executed and delivered to STC a promissory note (the "Note").

6. Pursuant to the Note, Trikeenan New York promised to pay to STC $1,025,000.00 with interest from the 8th day of February 2006, at the variable rate of interest with the initial rate of 7.7000% and payable as shown on the Note attached hereto as Exhibit "A."

7. As collateral security for the payment of the Note, the IDA and Trikeenan New York, on the same day, executed, duly acknowledged and delivered to STC a mortgage, a copy of which is attached hereto as Exhibit "B" and which was duly recorded in the office of the Clerk of the County of Steuben on February 10, 2006, in Liber 2574 of Mortgages, page 294 and the recording tax thereon was duly paid (the "Mortgage").

---

[2] STC has an additional secured claim against Trikeenan New York in the approximate amount of $45,000.00.

8. In the Mortgage the IDA and Trikeenan New York mortgaged to STC premises, with the appurtenances thereto, commonly know as 40 Shawmut Drive, Shawmut Industrial Park, Hornell, New York.

9. IDA leased the premises to Trikeenan New York pursuant to a lease dated February 1, 2006 (the "Lease"). Exhibit "C."

10. The Lease was collaterally assigned to STC by a Collateral Assignment dated February 8, 2006, and recorded in the Steuben County Clerk's Office on February 10, 2006 in Book 2574 of Mortgages at Page 313. Exhibit "D."

11. STC is the owner and holder of the Note, Mortgage and Collateral Assignment of Lease.

12. The Note is guaranteed by Trikeenan Holdings Inc., Trikeenan Tileworks Inc., Stephen Powers and Kristin Powers.

13. Trikeenan New York defaulted in payment of the Note by failing to pay the monthly payments when due and by failing to comply with the terms of the Lease.

14. The monthly payment due under the Note is $9,861.89.

15. The Note payment is equal to the Lease payment. Additional payments in lieu of taxes are due the IDA under the terms of the Lease.

16. Before the commencement of these bankruptcy cases, STC commenced a New York State Supreme Court, Steuben County foreclosure action on August 18, 2010.

17. Further, the IDA had commenced a state court summary eviction proceeding.

18. The amount due on the Note is $1,010,312.19 with interest thereon from the date of the last payment which was January 8, 2010, at the current rate of 5.5%, together with late fees in the amount of $1,769.28, together with all other

amounts, such as insurance premiums, real estate taxes and assessments, if any, and attorney's fees and disbursements.

19. Insofar as value of the premises is concerned, STC is in possession of an appraisal by Cole & Associates, Inc. ("Cole") dated January 29, 2004 which values the premises at $1,800,000.00. Exhibit "E."

20. Cole updated its appraisal on July 12, 2010 for Michael Galvez, principal of Elgin Butler, an entity which had made an offer to purchase the real property and business assets of these estates before the filings. That updated appraisal values the premises at $920,000.00. Exhibit "F."

21. STC is commissioning a further independent appraisal inasmuch as the second Cole appraisal was prepared for a party seeking to purchase the assets at amounts below what is due and owing on secured claims.

22. The current tax assessment on the premises is $1,530,000. Exhibit "G."

23. Statewide Zone Capital Corporation of New York is the owner and holder of a junior mortgage against the premises in the approximate amount of $265,000.00.

24. Further REDEC, an economic development lender from Corning, New York is also the holder of a junior mortgage lien against the premises in, upon information and belief, the amount of approximately $250,000.00.

## RELIEF REQUESTED AND BASIS THEREFORE

25. Debtors have offered to pay adequate protection only in the amount of $2,000.00 as a "temporary rental payment", an amount far below that necessary to pay the Note or the Lease payment.

26. Debtors have not shown that the premises are insured.

27. Debtors have not shown that they are otherwise able to make arrangements for post petition payment in lieu of tax obligations or are otherwise able to meet the obligations under the lease with the IDA.

28. The simple fact of the Debtors offering only $2,000.00 per month on account of STC's secured claim speaks volumes as to the likelihood of success for these cases.

29. Trikeenan New York occupies a building worth, at worst, almost a million dollars with equipment that cost only four years ago in excess of $800,000.00 (see Objection of New York Business Development Corporation to Debtors' motion to use cash collateral, Docket No. 34).

30. If Debtors cannot even make a payment approximating interest under the Note, let alone the current lease payment due under the Lease, how do they expect to continue in operation?

31. Further, Debtors have also filed a motion on an emergency basis seeking relief under 11 U.S.C. § 366 with respect to utility terminations.

32. The fact of that motion being filed shows that Debtors are concerned about utility service being terminated which could impact the safety of the premises heading into the harsh Central New York winter.

33. An additional fact that cannot be overlooked is that Trikeenan New York occupies the premises under a lease which it will have to assume or reject under 11 U.S.C. 365.

34. Upon information and belief, the lease arrears total more than $120,000.00 with the Debtor having been unable to meet its lease obligations since early in 2010.

35. These factors combine to show that STC has demonstrated "cause" entitling it relief from the automatic stay pursuant to 11 U.S.C. Section 362(d)(2) due to lack of adequate protection.

36. STC should be allowed relief from the stay to include the ability to continue with its state court foreclosure, appointment of a receiver of rents and leases with all the usual powers including eviction.

## ADEQUATE PROTECTION

37. Should the Court decline to grant STC's stay relief motion, STC is nonetheless entitled to adequate protection pursuant to 11 U.S.C. Section 361 which should include, at a minimum, ongoing interest payments, proof of insurance, adequate escrows to meet obligations under the Lease in addition to Note payments, proof that utility service will be ongoing, appropriate financial reporting and such other items as may be necessary.

WHEREFORE, it is respectfully requested that the Court grant the motion of Steuben Trust Company for relief from the automatic stay pursuant to 11 U.S.C. §362(d) (2) or, in the alternative, adequate protection pursuant to 11 U.S.C. §361 and such other and further relief as may be just, necessary and proper.

Dated: September 21, 2010

Respectfully submitted,

**STEUBEN TRUST COMPANY ("STC"),**

By its Attorneys,
**DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION**

By: /s/ Charles R. Powell
Charles R. Powell III, Esq. (BNH 05507)
111 Amherst Street
Manchester, NH 03101

Tel: (603) 669-1000
Facsimile: (603) 669-8547
cpowell@devinemillimet.com

and,

Of Counsel
Paul A. Levine, Esq.[3]
LEMERY GREISLER LLC
Attorneys for Steuben Trust Company
Office and P.O. Address
50 Beaver Street
Albany, New York 12207
(518) 433-8800

J:\WDOX\DOCS\CLIENTS\008001\000116\M1690592.DOC

---

[3] The undersigned recently filed a motion for admission *pro hac vice* with regard to Attorney Levine who seeks to serve as lead counsel herein.