UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

---

| | |
|---|---|
| | Chapter 11 |
| Trikeenan Tileworks Inc., | Bk. No. 10-13725-JMD |
| Trikeenan Holdings, Inc., and | Bk. No. 10-13726-JMD |
| Trikeenan Tileworks Inc. of New York, | BK No. 10-13727-JMD |
| | Jointly Administered |
| Debtor. | Hearing Date: October 21, 2010 |
| | Hearing Time: 11:00 a.m. |

---

**OPPOSITION OF NEW YORK BUSINESS DEVELOPMENT TO DEBTOR'S MOTION FOR FURTHER USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. 363 (a) SCHEDULED FOR HEARING ON OCTOBER 21, 2010**

New York Business Development Corporation ("NYBDC") respectfully opposes the Debtor's motion for Further Use of Cash Collateral Pursuant to 11 U.S.C. 363 (a) as follows:

1. From prior motion practice regarding cash collateral NYBDC has previously described its interests in cash collateral and Debtor's other assets and will not belabor the record herein. See Document No. 34 (and exhibits thereto).

2. Debtors now seek continued use of cash collateral.

3. NYBDC objects to continued use of cash collateral for the following reasons:

   i. Debtors' most recent consolidated financial disclosure in the nature of a two month cash flow which is attached to the motion shows continued losses with little prospect of reorganization. From November 1, 2010 to year end 2010, Debtors show, on a cash flow basis, losses of $58,308.86. This represents further erosion of the business's value.

   ii. Moreover, NYBDC submits that the Debtors have not yet fully complied with the Court's instructions at the last cash collateral hearing to provide

information and an explanation as to the Debtor's current, post-bankruptcy position that Trikeenan Tileworks Inc. of New York ("Trikeenan New York") has no accounts receivable. Indeed, the Debtors induced NYBDC to loan funds to Trikeenan New York by assigning a secured position in Trikeenan New York's collateral, including receivables. To now say that they do not exist does nothing to instill confidence that the debtor is acting in the best interest of the creditors, including the movant. While certain invoices and other financial information have been provided, Debtors have not provided any other underlying documentation that would support the view that the New York operation has no receivables. Even if it would continue to maintain this position and proffer some evidence on this issue, that creates (and leaves unanswered), the larger question of why the debtors would have granted NYBDC a lien on such collateral that does not in truth exist. NYBDC maintains that Trikeenan New York had and has such accounts and the question is why, at this time, it alleges it no longer does.

iii. Debtors seek a further sixty day period for use of cash collateral. Given ongoing losses and lack of documentation on the New York accounts receivable issues, this period is too long. If permission is granted, thirty days is more appropriate with detailed financial reporting including sales orders, shipping records and customer invoices on a weekly basis, payroll records (with job descriptions for the past year), and all records given or

prepared for any potential buyer including any types of diligence packages in connection with a sale of the Trikeenan companies' assets .

4. All of this, of course, begs the question of what the Debtors intend in these cases. Based on cash flow and other factors it does not appear that they have a present reasonable basis to propose a plan of reorganization. Perhaps a sale of assets will be proposed. In either event, the Debtors should begin moving the cases toward resolution.

WHEREFORE it is respectfully requested that the Court deny Debtor's motion or, in the alternative, condition it upon appropriate adequate protection and the other information referenced above and grant such other and further relief as may be just, necessary and proper.

October 14, 2010    Respectfully submitted,

**NEW YORK BUSINESS DEVELOPMENT CORPORATION ("NYBDC")**

By its Attorneys,

LEMERY GREISLER LLC

/s/ Paul A. Levine
50 Beaver Street, Second Floor
Albany, New York 12207
(518) 433-8800
*Lead Counsel*
*Admitted Pro Hac Vice*

and,

DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION

/s/ Charles R. Powell III
Charles R. Powell III, Esq. (BNH 05507)
Brian R. Moushegian, Esq. (BNH 06913)
111 Amherst Street
Manchester, NH 03101
(603) 669-1000
cpowell@devinemillimet.com
*As Local Counsel*