UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| In Re: <br><br> TRIKEENAN TILEWORKS INC. <br><br> Debtor. | Chapter 11 <br> Case No. 10-13725-JMD |
|---|---|
| In Re: <br><br> TRIKEENAN HOLDINGS INC. <br><br> _____ <br><br> In Re: <br><br> TRIKEENAN TILEWORKS INC. <br> OF NEWYORK <br><br> Debtor. | Chapter 11 <br> Case No. 10-13726-JMD <br><br><br> Chapter 11 <br> Case No. 10-13727-JMD <br><br> Jointly administered through <br> Case No.: 10-13725-JMD |

***ORDER GRANTING ADEQUATE PROTECTION***
***AND RESOLVING MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY***

This matter came before the Court on the Application of Trikeenan Tileworks Inc. of New York ( Debtor) under 11 U.S.C. Section 363 for the continued use of cash collateral ( DE # 69 ) and on the Motions of Steuben Trust Company and New York Business Development Authority (the New York Creditors) for relief from stay ( DE # 47 and 64 ) After review of the pleadings, notice and hearing and on consent of the Debtor and New York Creditors, IT IS HEREBY ORDERED:

1. The Application for Continued Use of Cash Collateral (the Application) pursuant to 11 U.S.C. §§ 363 is **GRANTED,** and the Court authorizes Debtor to use cash collateral arising from the operations of Trikeenan Tileworks Inc. of New York in accordance with the budget and the

cash flow projections attached to the Application through the close of business on January 31, 2011 (the "Use Period"), subject to the terms and conditions of this Order.

2. New York Business Development Corporation and Steuben Trust Company ( the New York Creditors) are hereby granted continuing replacement liens in post-petition cash collateral to the same extent and in the same priority as said liens existed on the Petition date, nunc pro tunc to the petition date, without prejudice to the future rights of the Debtor, creditors and any creditors' committee or other party in interest to challenge the validity, priority and enforceability of such lien and subject to Debtor's right to seek debtor in possession financing pursuant to 11 U.S.C. section 364.

3. Debtor shall continue to provide weekly balance sheets to the New York Creditors showing ongoing levels of cash collateral, including such internal bookkeeping records as are necessary to determine the production by Trikeenan New York and also shall provide copies of all customer invoices generated during the Use Period on a bi-weekly basis (i.e., once every fourteen days) and at the conclusion of the Use Period for any remaining interval thereof.

4. The Motion for Relief from Stay filed by Steuben Trust Company (DE# 47 ) and the Motion for Relief from Stay filed by NYBDC ( DE#64 ) are denied without prejudice subject to the further terms and conditions of this Order.

5. As adequate protection for the continued use and occupancy of the business premises and the equipment therein, Debtor shall pay to the New York creditors the following amounts: $4,500.00 to Steuben Trust Company and $2,000.00 to New York Business Development Corporation. The first such payment shall be due November 1, 2010; each subsequent payment during the Use Period shall be due on the 1st of the month. Payments shall be made so as to be received by the due date as follows: to Steuben Trust Company c/o Theresa Sedlock, EVP and Chief Risk Officer, One Steuben Square, Hornell, New York 14843 and to New York Business Development Corporation, c/o Michael Zihal, SVP, 50 Beaver Street, Albany, New York 12207.

If any payment due hereunder is not made within seven(7) ) days of the date due, the New York creditors may seek relief by affidavit pursuant to LBR 9071-1.

6. The New York Creditors shall be entitled to relief from stay at the end of the Use Period if the Debtor has not filed either a Plan of Reorganization or a Notice of Sale under 11 U.S.C. Section 363 by January 31, 2011 pursuant to LBR 9071-1. Provided Debtor files either a Plan or Notice of Sale on or before January 31, 2011, Debtor shall be entitled to seek an extension of this Order and the New York Creditors shall be entitled to oppose any such extension. If stay relief is granted, Debtor shall cooperate with the liquidation of its assets in New York by the New York Creditors by allowing reasonable access to the New York premises for purposes of inspection and sale, including an auction sale, without prejudice to Debtor's rights, including the right to challenge the commercial reasonableness of any such auction. This Order is without prejudice to the New York Creditors' rights to object to any sale motion or plan and shall not be used for collateral estoppel, law of the case or res judicata effect as to valuation, interest rate or other related issues with the respect to the claims of the New York Creditors.

7. Debtor shall provide to the New York Creditors copies of all sale offers, letters of intent and due diligence packages relating to potential sale of Debtor's real and personal property interests located in New York not later than five (5) business days following entry of this order and within five (5) business days after any further such documents come into Debtor's possession.

8. Debtor shall file an Application for Continued Use of Cash Collateral on or before January 12, 2011. A hearing shall be held on Debtor's Application on January 26, 2011 at 2:00 p.m. Objections thereto, if any, must be filed on or before January 19 2010.

Date :_____          _____
                                     Bankruptcy Judge