UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re:<br><br>TRIKEENAN TILEWORKS INC.,<br><br>                Debtor. | Chapter 11<br>Case No. 10-13725-JMD |
| In Re:<br><br>TRIKEENAN HOLDINGS INC. | Chapter 11<br>Case No. 10-13726-JMD |
| In Re:<br><br>TRIKEENAN TILEWORKS INC.<br>OF NEWYORK<br><br>                Debtor. | Chapter 11<br>Case No. 10-13727-JMD<br><br>Jointly administered through<br>Case No.: 10-13725-JMD |

**RESPONSE TO OBJECTIONS OF THE UNITED STATES TRUSTEE AND SECURED CREDITORS TO DISCLOSURE STATEMENT FILED BY DEBTORS**

Trikeenan Tileworks, Inc. ("Trikeenan NH") and Trikeenan Tileworks Inc. of New York ("Trikeenan NY") (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases, hereby respond briefly to the Objections of the United States Trustee, TD Bank and NYBDC/Steuben to the Debtors' Disclosure Statement. Where there are common issues, this response also applies to the Elgin Butler objection. In support of this response, Debtors state as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief sought herein are Sections 105 and 1121(c) of the United States Bankruptcy Code (the "Bankruptcy Code").

**BACKGROUND**

2. On August 30, 2010 (the "Petition Date"), each Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases, and no official committees have been appointed or designated. On September 3, 2010, this Court entered an order directing the joint administration of the three above-captioned cases.

3. On January 24, 2011, Debtors filed a Joint Plan of Reorganization and a Joint Disclosure Statement. Several creditors and the United States Trustee filed objections to the adequacy of disclosure. This response addressed the objections filed by the United States Trustee, TD Bank and NYBDC/Steuben. Where there are common issues, this response also addresses the objection of Elgin Butler.

4. Debtors respond as follows to the pending objections, as more fully set forth in the red-lined Disclosure Statement, attached as Exhibit A:

A. **Financial performance:** Given the availability of data contained in Monthly Operating reports, which are current, Debtors do not believe it necessary to elaborate on post-petition cash flow; however, Debtor is willing to add a post-petition cash flow summary to its cash flow projections if the Court and creditors would find it helpful. Debtor believes its projections are accurate, even conservative, thus Debtor declines to accept Elgin Butler's suggestion that it add a second set of projections which cast

doubt on feasibility. Debtor will add clarification regarding officer salaries, though this information is already set forth in the January 24 disclosure statement.

B. **Liquidation analysis:** Debtor will add inadvertently omitted information regarding life insurance policies and Trikeenan Holdings assets. Debtor will also clarify the value of its inventory and where appropriate, the basis for its asset valuations.

C. **Capital improvements**: Debtor will add disclosure relative to the general timing of plant consolidation and the source of funds to be used. Further detail is unnecessary to evaluating the Plan and might lead to unproductive speculation by Trikeenan's employees or customers.

D. **Large project bids and Distribution channels**: Debtor believes it has provided adequate disclosure relative to planned bids on large projects and expanded distribution channels. Debtor will add disclosure making it clear that these larger projects are not necessary to the feasibility of the Trikeenan Plan. Any further detail, and certainly any disclosure of target customer identities, would compromise Trikeenan's business interests by divulging and making public confidential business information. This concern is especially acute in this case because of the efforts of Elgin Butler, a competitor, to take over Debtors' assets and to derail by any means possible the Debtors' reorganization efforts. Elgin Butler has already begun working actively against the Debtors in the market. Elgin Butler recently learned Trikeenan had bid on a large job at Mercy Hospital in Cincinnati, Ohio. Although the job was not one that Elgin Butler would normally bid on and further not a project Elgin Butler has the technical ability to complete, Elgin Butler bid against the Debtor and has disparaged to third parties both the Debtors' products and the Debtor's financial strength.

E. **Collaboration with Metropolitan Tile**: Debtor believes it has provided adequate disclosure, subject to adding minor clarification. Debtor will not disclose additional details for the reasons set forth above. Further detail will not assist creditors in evaluating the Plan.

F. **Letter of Intent**: Debtor will add additional explanation regarding the history of its negotiations with Elgin Butler and more detail regarding its reasons for rejecting the Elgin Butler Letter of Intent. Debtor will not add false statements suggested by Elgin Butler.

Respectfully submitted,

Trikeenan Tileworks, Inc.
Trikeenan Tileworks Inc. of New York
Trikeenan Holdings Inc.

By its Attorneys,

BERNSTEIN, SHUR, SAWYER & NELSON, P.A.

Dated: 2 March 2011  /s/ Jennifer Rood
Jennifer Rood, Esq.

BERNSTEIN, SHUR, SAWYER & NELSON
Jefferson Mill Building
670 North Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105-1120
Tel: (603) 623-8700