# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re:<br><br>TRIKEENAN TILEWORKS INC.<br><br>        Debtor. | Chapter 11<br>Case No. 10-13725-JMD |
| In Re:<br><br>TRIKEENAN HOLDINGS INC. | Chapter 11<br>Case No. 10-13726-JMD |
| | Chapter 11<br>Case No. 10-13727-JMD |
| In Re:<br><br>TRIKEENAN TILEWORKS INC.<br> OF NEWYORK<br><br>        Debtor. | Jointly administered through<br>Case No.: 10-13725-JMD |

## *ORDER AUTHORIZING CONTINUED CASH COLLATERAL USE AND GRANTING ADEQUATE PROTECTION*

     This matter came before the Court on the Application of Trikeenan Tileworks Inc. of New York ( Debtor) under 11 U.S.C. Section 363 for the continued use of cash collateral through June 30, 2011, or through the date on which an Order confirming a plan of reorganization becomes final and non-appealable, whichever is earlier. After review of the pleadings, notice and hearing, IT IS HEREBY ORDERED:

1.    The Application for Continued Use of Cash Collateral (the Application) pursuant to 11 U.S.C. §§ 363 is **GRANTED,** and the Court authorizes Debtor to use cash collateral arising from the operations of Trikeenan Tileworks Inc. of New York in accordance with the budget and the

cash flow projections attached to the Application through the close of business on June 30, 2011 or the date on which an Order confirming a Plan of reorganization becomes final and non-appealable, whichever is earlier (the "Use Period"), subject to the terms and conditions of this Order.

2. New York Business Development Corporation and Steuben Trust Company ( the New York Creditors) are hereby granted continuing replacement liens in post-petition cash collateral to the same extent and in the same priority as said liens existed on the Petition date, without prejudice to the future rights of the Debtor, creditors and any creditors' committee or other party in interest to challenge the validity, priority and enforceability of such lien and subject to Debtor's right to seek debtor in possession financing pursuant to 11 U.S.C. section 364.

3. Debtor shall continue to provide weekly balance sheets to the New York Creditors showing ongoing levels of cash collateral, including such internal bookkeeping records as are necessary to determine the production by Trikeenan New York and also shall provide copies of all customer invoices generated during the Use Period on a bi-weekly basis (i.e., once every fourteen days) and at the conclusion of the Use Period for any remaining interval thereof.

5. As adequate protection for the continued use and occupancy of the business premises and the equipment therein, Debtor shall continue to pay to the New York creditors the following amounts: $7373.02 to Steuben Trust Company and $2,627.98 to New York Business Development Corporation. Payments shall be made so as to be received by the due date as follows: to Steuben Trust Company c/o Theresa Sedlock, EVP and Chief Risk Officer, One Steuben Square, Hornell, New York 14843 and to New York Business Development Corporation, c/o Michael Zihal, SVP, 50 Beaver Street, Albany, New York 12207. If any payment due hereunder is not made within seven(7) ) days of the date due, the New York creditors may seek relief by affidavit pursuant to LBR 9071-1.

6. In addition, Debtor shall pay to the City of Hornell IDA the PILOT tax payments required under the Court's Order extending through June 30, 2011 the Debtor's deadline to assume or reject its lease of non-residential real estate.

7. Debtor shall file a new motion to use cash collateral on or before June 15 2011. A hearing shall be held on Debtor's Application on June 29, 2011 at 1:30PM and any objections to continued cash collateral use must be filed on or before June 22 2011.

Date : April 25, 2011  /s/ J. Michael Deasy
Bankruptcy Judge