UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re:<br><br>TRIKEENAN TILEWORKS INC.,<br><br>                Debtor. | Chapter 11<br>Case No. 10-13725-JMD |
| In Re:<br><br>TRIKEENAN HOLDINGS INC. | Chapter 11<br>Case No. 10-13726-JMD |
| <br>In Re:<br><br>TRIKEENAN TILEWORKS INC.<br>OF NEWYORK<br><br>                Debtor. | Chapter 11<br>Case No. 10-13727-JMD<br><br>Jointly administered through<br>Case No.: 10-13725-JMD |

**RESPONSE TO OBJECTIONS OF ELGIN BUTLER TO CONFIRMATION OF DEBTORS' PLAN OF REORGANIZATION DATED MARCH 17, 2011, AS AMENDED BY PLAN OF REORGANIZATION DATED APRIL 14. 2011**

Trikeenan Tileworks, Inc. ("Trikeenan NH") and Trikeenan Tileworks Inc. of New York ("Trikeenan NY") (collectively, the "Debtors"), the debtors and debtors renewed Objections of Elgin Butler Inc, competing plan proponent, to confirmation of the Debtors' Plan of Reorganization dated March 17, 2011, as amended by Plan of Reorganization dated April 14, 2011 ( the Plan). In support of this response, Debtors state as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief sought herein are Sections 105 and Sections 1122 through 1129 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. Excluding the votes of insider equity holders with interests in Class 11, five separate impaired classes of creditors; Classes 1, 2, 4, 8 and 10, voted to accept the Debtors' plan, including the general unsecured class. The only creditor classes voting to reject the Debtors' Plan were those occupied by the New York creditors, i.e. Classes 3, 5 and 7 ( deficiency claims).

3. Elgin Butler's plan was accepted by The New York creditors, and by a narrow margin, by general unsecured creditors, the largest of which consist of the deficiency claims held by the New York creditors. This occurred after Elgin Butler manipulated the unsecured class by excluding from voting all the unsecured debenture holders, many of whom hold large claims. Trikeenan has not yet seen all the ballots cast for the Elgin Butler Plan, but at best, it is reasonable to say that some general unsecured creditors prefer the Elgin Butler plan and some prefer the Trikeenan plan. Elgin Butler's arrogant claim that "the Debtors' plan has been rejected by multiple classes of secured and unsecured creditors and…the Elgin Butler claim has been accepted by all classes other than the class including the secured claim of TD Bank.." is simply false.

4. The Trikeenan plan properly classifies claims. Connecticut River bank was properly classified separately as a secured claim; it holds a purchase money security interest in a computer system purchased by the Debtor and for that reason was classified separately. Given the numerous classes of creditors accepting the Debtors' plan, this classification, and indeed the separate classification of unsecured deficiency claims, makes no difference and could not possibly constitute improper gerrymandering. Moreover, Debtors did not know whether or not

Connecticut River would accept the plan given the treatment of its claim in the Debtors' plan; the classification was not done with any intent to gerrymander votes.

5. Separate classification of unsecured deficiency claims is only improper if the classification is done for an improper purpose, i.e. solely to gerrymander voting. If the Debtor has a valid business or economic reason for the separate classification, or if in fact the claims are of different legal character than the general unsecured claims, separate classification is perfectly proper and in fact required. See 11 U.S.C. section 1122(a); In re Granada Wines, 748 F. 2d 42 (1st Cir. 1984). When the legal character of certain unsecured claims is such as to accord them a different status from other unsecured claims, separate classification is justified. Granada, supra. See also In re Red Mountain Machinery Company, 2011 WL 1428266. Here, the holders of deficiency claims hold guaranty claims against the debtors and debtor's principals. Steuben Trust, holder of a claim in Class 5, also has a direct claim against the City of Hornell, New York IDA, owner of the building which houses Trikeenan Tileworks inc. of New York, and receives payment through regular lease payments made by the Debtors to the Hornell IDA.

6. Moreover, Debtors classified the unsecured deficiency claims separately for valid business reasons; Debtor's cash flow would not permit the same treatment of the larger unsecured deficiency claims, and the deficiency claimants all have separate sources of recovery.

7. Based on Debtors' financial performance during the Chapter 11 its cash flow projections, and the statements of support filed by vendors and customers, it is clear the Debtors' plan is feasible. In a contested confirmation setting, proof of feasibility normally requires an evidentiary hearing. At the evidentiary hearing to be scheduled, Debtor will present evidence of the feasibility of its plan. Elgin Butler, by contrast, is an unknown. Elgin Butler has made numerous blanket statements about its financial strength but has presented no documents nor

any meaningful or detailed information. Elgin Butler too must make an evidentiary showing relative to the feasibility of its plan.

8. Elgin Butler's arguments about the absolute priority rule under Section 1129(b)(2) will likewise require evidence and probably legal briefing. Debtors are confident they can satisfy the requirements of the absolute priority rule and the new value exception thereto, however, within the meaning of In re 203 North Lasalle Street Partnership, 526 U.S. 434, 119 S. Ct. 1411, 143 L..Ed. 607 ( 1999) and In re Bonner Mall Partnership, 2 F. 3d 899 (9th Cir. 1993). All creditors receiving equity under the Trikeenan plan have waived substantial salary claims and in the case of the subordinated unsecured lenders, substantial general unsecured claims. Moreover, so called "old equity" surrenders and redistributes a substantial portion of the stock in the Trikeenan companies. The current equity holders are not the only party receiving equity, and none of the equity has present value.

9. Elgin Butler's argument about Section 507 (a)(4) and (8) claims is absurd. The only such claims are the Simple IRA claim, paid in full on the Effective Date and treated under the Trikeenan Plan as an Unclassified Claim, and the salary claims of Debtor's principals and members of the Board of Directors, all waived under the Trikeenan Plan. The Elgin Butler plan, by contrast, purports to treat salary claims as unimpaired, but Elgin Butler has subsequently objected, without basis, to the allowance of such claims an in fact intends to pay them nothing.

10. Elgin Butler's objections to confirmation of the Trikeenan plan lack merit.

11. Elgin Butler's dismissive comments about the holders of subordinated unsecured claims, the so called "debenture holders," and about current equity holders, likewise lack merit. First, while the holders of subordinated unsecured claims signed convertible debenture notes, the notes were never actually converted, thus at least as of the Petition Date, those creditors had

4

valid unsecured claims arising from loans of cash to Trikeenan. Current equity holders have worked extremely diligently to improve the financial health of the company during the Chapter 11 and they have succeeded, all while taking a much –reduced salary and waiving substantial claims for unpaid salary under the Debtors' Plan. In the event both plans satisfy the legal requirements of the Bankruptcy Code, the Court will consider the views of equity holders in determining which plan to confirm. See, e.g. <u>In re River Valley Fitness One Limited Partnership</u>, 2003 BNH 031.

                                            Respectfully submitted,

                                            Trikeenan Tileworks, Inc.
                                            Trikeenan Tileworks Inc. of New York
                                            Trikeenan Holdings Inc.

                                            By its Attorneys,

                                            BERNSTEIN, SHUR, SAWYER &
                                            NELSON, P.A.

Dated: 2 May 2011                     /s/ Jennifer Rood_____
                                            Jennifer Rood, Esq.

BERNSTEIN, SHUR, SAWYER & NELSON
Jefferson Mill Building
670 North Commercial Street, Suite 108
P.O. Box 1120
Manchester, NH 03105-1120
Tel: (603) 623-8700