UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re: | ) | |
|---|---|---|
| | ) | Chapter 11 |
| TRIKEENAN TILEWORKS INC. | ) | |
| | ) | Case No's |
| | ) | |
| | ) | 10-13725 – JMD |
| | ) | |
| TRIKEENAN HOLDINGS, INC. | ) | 10-13726 - JMD |
| | ) | |
| TRIKEENAN TILEWORKS INC | ) | 10-13727 – JMD |
| OF NEW YORK, | ) | |
| Debtors | ) | Jointly Administered |

## **ORDER CONFIRMING PLAN OF REORGANIZATION**

Pursuant to the final plan (the "Plan") and disclosure statement (Court Doc. Nos. 227 and 284) respecting debtors Trikeenan Tileworks, Inc. and Trikeenan Tileworks, Inc. of New York (collectively, the "Reorganized Debtors") filed by Elgin Butler Company; and after notice having been transmitted to all creditors, equity security holders, parties in interest and other persons entitled to notice in accordance with Bankruptcy Rules 2002 and 3017; and after having reviewed the Plan, the showing made by parties who attended the confirmation hearing on August 30, 2011, and the Court having dictated (if applicable) any special findings and conclusions into the record at the close of the hearing, all objections to the Plan having been withdrawn or overruled,

IT IS HEREBY ORDERED as follows:

1. The Plan, which is incorporated herein by reference, complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. See 11 U.S.C. § 1129(a)(1).

2. Elgin Butler Company, as the proponent of the Plan, complies with the applicable provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. See 11 U.S.C. § 1129(a)(2).

3. The Plan has been proposed in good faith and not by any means forbidden by law. See 11 U.S.C. § 1129(a)(3).

4. Any payment made or to be made by the proponent, by the Reorganized Debtors, or by any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in the case or in connection with the case, or in connection with the Plan and incident to this case, has been approved by, or is subject to the approval of, the Court as reasonable. See 11 U.S.C. §1129(a)(4).

5. The proponent of the Plan has disclosed the identity and affiliations of any individual proposed to serve after confirmation of the Plan, as a director, officer, or voting trustee of the Reorganized Debtors, an affiliate of the Reorganized Debtors participating in a joint plan with the debtor, or a successor to the Reorganized Debtors under the Plan and the identity of any insider that will be employed or retained by the Reorganized Debtors, and the nature of compensation for such insider. See 11 U.S.C. § 1129(a)(5).

6. If applicable, any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Reorganized Debtors, has approved any rate change provided for in the Plan, or such rate change is expressly conditioned on such approval. See 11 U.S.C. § 1129(a)(6).

7. With respect to each impaired class of claims or interest of such class, being classes One, Two, Three, Six and Seven, each holder of a claim or interest of such class has accepted the Plan or will receive or retain under the Plan, on account of such claim or interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Reorganized Debtors were liquidated under chapter 7. See 11 U.S.C. § 1129(a)(7).

8. The Certificate of Vote attached as **Exhibit A** hereto discloses, as applicable, those classes that have accepted the Plan, those classes that have rejected the Plan, those classes that are not impaired under the Plan, and those classes which have rejected the Plan but are being treated by Plan treatment permitted under § 1129(b)(1) and 1129(b)(2) of the Bankruptcy Code. See 11 U.S.C. § 1129(a)(8).

9. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that, with respect to a claim of a kind specified in § 507(a)(2) or 507(a)(3) of the Bankruptcy Code, being Unclassified Claims under the Plan, on the Effective Date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim. See 11 U.S.C. § 1129(a)(9)(A).

10. With respect to a class of claims of a kind specified in 507(a)(4) and 507(a)(5) of the Bankruptcy Code, being class Four, each holder of a claim of such class will receive, if such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim, or, if such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim. See 11 U.S.C. § 1129(a)(9)(B).

11. With respect to a claim of a kind specified in § 507(a)(8) of the Bankruptcy Code, being class Five, the holder of such claim will receive on account of such claim payment in full on the Effective Date of the Plan. With respect to a secured claim which would otherwise meet the description of an unsecured claim of a governmental unit under § 507(a) of the Bankruptcy Code, but for the secured status of that claim, the holder of that claim will receive on account of such claim, cash payments in the same manner and over the same period as described in §1129(a)(9)(C) of the Bankruptcy Code. See 11 U.S.C. § 1129(a)(9)(C)(i) and (D).

12.     If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan, being class or classes One, Two, and Six, has accepted the Plan, determined without including any acceptance of the Plan by an insider.  See 11 U.S.C. § 1129(a)(10).

13.     Confirmation of this Plan is not likely to be followed by liquidation, or the need for further financial reorganization, of these Reorganized Debtors or any successor to the Reorganized Debtors under the Plan, unless such liquidation or reorganization is proposed in the Plan.  See 11 U.S.C. § 1129(a)(11).

14.     All fees due and all quarterly fees payable to the United States Trustee have been paid as of the confirmation date.  See 11 U.S.C. § 1129(a)(12) and LBR 3020-1(c).

15.     If applicable, the Plan provides for the continuation after the Effective Date of payment of all retiree benefits, as that term is defined in § 1114 of the Bankruptcy Code, at the level established pursuant to § 1114(e)(1)(B) or 1141(g) of the Bankruptcy Code, at any time prior to confirmation of the Plan, for the duration of the period the Reorganized Debtors have obligated themselves to provide such benefits.  See 11 U.S.C. § 1129(a)(13).

16.     The Reorganized Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation. .  See 11 U.S.C. § 1129(a)(14).

17.     All transfers of property of the Plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.  See 11 U.S.C. §1129(a)(16).

18.     The Plan is hereby determined to be fair and equitable and does not discriminate unfairly with regard to any class of claims or interests that is impaired under, and has not accepted, the Plan.  See 11 U.S.C. § 1129(b)(1).

19.     The Plan is fair and equitable with respect to any rejecting class of secured claims, if applicable, and the Plan provides that holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the Reorganized Debtors or transferred to another entity, to the extent of the allowed amount of such claims, and that each holder of a claim of such class will receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the Effective Date of the Plan, of at least the value of such holder's interest in the estate's interest in such property.  See 11 U.S.C. §1129(b)(2)(A)(i).

20.     The Plan is fair and equitable with respect to any rejecting class of unsecured claims, if applicable, and the Plan provides that each holder of a claim of such class receives or retains on account of such claim property of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim, or, the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the Plan, on account of such junior claim or interest, any property, except that in a case in which the debtor is an individual, the debtor may retain property included in the estate under § 1115 of the Bankruptcy Code, subject to the requirements of § 1129(a)(14) of the Bankruptcy Code.  See 11 U.S.C. § 1129(b)(2)(B)(i) and (ii).

21. Additional Provisions:

   (a)   The Reorganized Debtors will assume and perform the Debtors' contractual obligations in connection with the Mercy Hospital West construction project, including executory obligations, arising after the filing of the Reorganized Debtors' bankruptcy petitions.

   (b)   All parties in interest, including without limitation the officers, directors, and managerial staff of Trikeenan Tileworks, Inc. and Trikeenan Tileworks, Inc. of New York are subject to, and shall comply with, the terms of this Order including, without limitation, the provisions respecting the vesting of the property of Trikeenan Tileworks, Inc. and Trikeenan Tileworks, Inc. of New York in the Reorganized Debtors.

   (c)   Without limiting the confirmation and approval of the Plan generally, the Plan's provisions respecting the Reorganized Trikeenan New York's Lease (as that term is defined in the Plan) are hereby approved. As long as the Reorganized Trikeenan New York is not in default under the Lease, including the cure payments due under the Lease, neither Steuben Trust Company nor Statewide Zone Capital Corporation of New York shall disturb Trikeenan New York's possession, use and enjoyment of the premises described in the Lease. The remaining balance under the STC IDA Note at the end of the Lease term and the remaining amounts due to Statewide Zone Capital Corporation of New York shall remain secured by the respective mortgages held by STC and Statewide Zone Capital Corporation of New York on the Leased Premises.

22. The Plan is hereby confirmed.

23. The provisions of the Plan are hereby made binding upon the Reorganized Debtors and any creditor or equity security holder of the Reorganized Debtors whether the claim or interest of such creditor or equity security holder is impaired under the Plan and whether such creditor or equity security holder has accepted the Plan.

24. Except as otherwise provided herein, in the Plan, or in the Bankruptcy Code, and effective as of the Effective Date of the Plan, in accordance with § 1141(d) of the Bankruptcy Code, the Reorganized Debtors are hereby discharged of and from any and all debts and claims that arose against it before the date of entry of this order, including, without limitation, any debt or claim or a kind specified in § 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of claim based on such debt is filed or deemed filed under § 501 of the Bankruptcy Code, (ii) such claim is allowed under § 502 of the Bankruptcy Code, or (iii) the holder of such claim has accepted the Plan. See 11 U.S.C. § 1141(d).

25. Except as otherwise provided herein or in the Plan, and effective as of the Effective Date of the Plan, in accordance with § 1141(b) and 1141(c) of the Bankruptcy Code, all property of the Reorganized Debtors′ estate and all property dealt with by the Plan is hereby vested in the Reorganized Debtors free and clear of all claims and interest of creditors, equity security holders, and general partners of the Reorganized Debtors. See 11 U.S.C. § 1141(c) and (d). Unless

otherwise agreed to in writing by the Reorganized Debtors, all persons in possession of the property of the pre-reorganization Trikeenan Tileworks, Inc. and Trikeenan Tileworks, Inc. of New York are hereby directed to immediately turnover and surrender such property to the Reorganized Debtors.

26. Except as provided in the Plan, and subject only to the occurrence of the Effective Date of the Plan, any judgment at any time obtained, to the extent that such judgment is determination of the liability of the Reorganized Debtors with respect to any debt or claim discharged hereunder, is hereby rendered null and void.

27. Effective as of the Effective Date of the Plan, the commencement or continuation of any action, the employment of process or any act to collect, recover or offset any claim discharged or interest terminated hereunder is hereby permanently enjoined, stayed and restrained.

28. Except as expressly set forth in paragraph 29 below or otherwise ordered by the Court, any objection to any claim or interest with respect to the Reorganized Debtors shall be filed with the Court and served on the holder of such claim or interest on or before October 30, 2011.

29. Any claim for damages arising from the rejection of any executory contract or unexpired lease pursuant to the Plan shall be forever barred unless a proof of claim therefor in proper form is filed with the Court within thirty (30) days after the date of entry of this Order; provided, however, that if the Reorganized Debtors, in accordance with Article VI of the Plan, reject additional executory contracts or leases within 30 days of the Effective Date, then deadline for filing a proof of claim based on such rejection shall be thirty (30) date that the Reorganized Debtor provide written notice to the counterparty of rejection of the lease or executory contract.

30. All applications or requests for compensation or the reimbursement of any expenses or costs incurred by any professionals retained with Court approval in this chapter 11 case, or fees and expenses by any party in interest must be filed with the Court on or before September 30, 2011.

31. In accordance with the provisions of *LBR 3020-1*, the Court shall retain exclusive jurisdiction for the following purposes:

   (a) To hear and determine objections to claims;

   (b) To hear and determine any dispute arising under the Plan, its implementation (including the transition of ownership and management contemplated by the Plan) and execution of any necessary documents thereunder, and any requests to amend, modify or correct the Plan, provided such matters are brought before the Court prior to the point of substantial consummation;

   (c) To grant extension of any deadlines set forth in this order as may be appropriate;

   (d) To enforce all discharge provisions under the Plan; and

   (e) To consider and rule upon requests for final compensation.

The Reorganized Debtors shall be permitted to file a motion requesting additional retention of jurisdiction for specific matters within sixty (60) days of the date of this order. Any such further retention of jurisdiction granted by the Court shall be provided for in a supplementary order on such motion.

32. The Reorganized Debtors shall, unless otherwise ordered by the Court, file an application for final decree pursuant to the provisions of Bankruptcy Rule 3022 and LBR 3020-1 no later than November 30, 2011.

33. This Order is subject to the stay imposed by Federal Rule of Bankruptcy Procedure 3020(e).

ENTERED at Manchester, New Hampshire.

Date: August 30, 2011

/s/ J. Michael Deasy

J. Michael Deasy, Bankruptcy Judge

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| In re: | ) | |
|---|---|---|
| | ) | Chapter 11 |
| TRIKEENAN TILEWORKS INC. | ) | |
| | ) | |
| | ) | Case No's    10-13725 – JMD |
| | ) | |
| TRIKEENAN HOLDINGS, INC. | ) | 10-13726 -  JMD |
| | ) | |
| TRIKEENAN TILEWORKS INC OF NEW YORK, | ) | 10-13727 – JMD |
| | ) | |
| Debtors | ) | Jointly Administered |

## **CERTIFICATE OF VOTE**

Elgin Butler Company ("Elgin Butler"), the Plan Proponent, by and through attorneys Benjamin E. Marcus, Esq. and Melissa A. Hewey, Esq., hereby certify the voting of the classes of creditors under Elgin Butler's Plan of Reorganization set for hearing on August 30, 2011, as follows:

**CLASS ONE:** The voting by the holders of claims in Class One, an impaired class entitled to vote, as follows:

| | Number Voting | Percentage | Dollar Amount | Percentage |
|---|---|---|---|---|
| Accept | 1 | 100% | $265,000 | 100% |
| Reject | 0 | 0% | $0 | 0% |
| Total | 1 | 100% | $265,000 | 100% |

**CLASS TWO:** The voting by the holders of claims in Class Two, an impaired class entitled to vote, as follows:

| | Number Voting | Percentage | Dollar Amount | Percentage |
|---|---|---|---|---|
| Accept | 1 | 100% | $1,203,191.91 | 100% |
| Reject | 0 | 0% | $0 | 0% |
| Total | 1 | 100% | $1,203,191.91 | 100% |

**CLASS THREE:** The voting by the holders of claims in Class Three, an impaired class entitled to vote, as follows (NO VOTED RECEIVED):

|  | Number Voting | Percentage | Dollar Amount | Percentage |
|---|---|---|---|---|
| Accept | 0 | 0% | $0 | 0% |
| Reject | 0 | 0% | $0 | 0% |
| Total | 0 | 0% | $0 | 0% |

Confirmation as to Class Three will be obtained pursuant to 11 U.S.C. § 1129(b)(1) and 11 U.S.C. § 1129(b)(2).

**CLASS FOUR:** Is an unimpaired class which is deemed to accept the Plan.

**CLASS FIVE:** Is an unimpaired class which is deemed to accept the Plan.

**CLASS SIX:** The voting by the holders of claims in Class Six, an impaired class entitled to vote, as follows:

|  | Number Voting | Percentage | Dollar Amount | Percentage |
|---|---|---|---|---|
| Accept | 14 | 58.5% | $1,390,809.91 | 79.5% |
| Reject | 10 | 41.5% | $350,727.76 | 20.5% |
| Total | 24 | 100% | $1,203,191.91 | 100% |

**CLASS SEVEN:** Is an equity class which takes nothing on account of its interest, and is deemed to have rejected the Plan. Confirmation as to Class Seven will be obtained pursuant to 11 U.S.C. § 1129(b)(1) and 11 U.S.C. § 1129(b)(2).

The Plan Proponent further certifies that all ballots recorded above were timely received in accordance with the terms of the Court's Order Approving the Disclosure Statement of Elgin Butler, Inc. dated March 17, 2011.

DATED this 29th day of August, 2011 at Portland, Maine.

/s/ *Benjamin E. Marcus*
Benjamin E. Marcus, Esq. BNH # 06561
Melissa A. Hewey, Esq. BNH # 07130
Attorneys for Elgin Butler Company

Drummond Woodsum
84 Marginal Way, Suite 600
Portland, ME 04101-2480
Tel: (207) 772-1941
bmarcus@dwmlaw.com